UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

CARLI DEBORAH FLYNN,

                Plaintiff,

          v.

AMERICAN EXPRESS COMPANY, COMENITY
CAPITAL BANK, DISCOVER BANK, LVNV
FUNDING LLC, NAVY FEDERAL CREDIT
UNION, SYNCHRONY FINANCIAL, USAA
FEDERAL SAVINGS BANK, WEBBANK,
EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANSUNION INTERACTIVE, INC.,

                Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
25-CV-3980 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Carli Deborah Flynn commenced the above-captioned action on June 17, 2025 against Defendants American Express Company ("AmEx"), Comenity Capital Bank ("Comenity"), Discover Bank ("Discover"), LVNV Funding LLC ("LVNV Funding"), Navy Federal Credit Union ("Navy Federal"), Synchrony Financial ("Synchrony"), USAA Federal Savings Bank ("USAA"), WebBank, Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion Interactive, Inc. ("TransUnion"), in the Supreme Court of New York, Kings County ("Kings County State Court"), alleging eighteen claims of violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). (Compl. ¶¶ 107–42, annexed to Notice of Removal in Ex. A, Docket Entry No. 1-2.) Plaintiff seeks payment of actual, statutory, and punitive damages under the FCRA arising out of Defendants' failure to investigate, reinvestigate, and/or noting Plaintiff's dispute of her credit

information. (*Id.* at 58.)  On July 17, 2025, USAA, with the consent of Comenity, TransUnion and WebBank,[1] removed the action from Kings County State Court to the United States District Court for the Eastern District of New York ("State Action").  (USAA's Notice of Removal ¶¶ 4–6, Docket Entry No. 1.)  USAA asserts that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 based on federal question jurisdiction.  (*Id.* ¶¶ 10–13.)

TransUnion and Equifax moved to dismiss Plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, USAA separately moved to dismiss pursuant to Rule 12(b)(6), and LVNV Funding separately moved to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[2] Plaintiff opposes the motions,[3] and on January 15, 2026, Plaintiff moved to remand the case to State Court on the basis that she did not allege an injury-in-fact sufficient to satisfy the requirements of Article III of the U.S. Constitution.[4]  USAA, TransUnion, and Equifax oppose

---

[1]  AmEx, Discover, LVNV Funding, Navy Federal, Synchrony, Equifax, and Experian had not yet appeared in the State Action at the time of the removal.  (USAA's Notice of Removal ¶ 7.)

[2]  (TransUnion's and Equifax's Mot. to Dismiss ("TransUnion's and Equifax's Mot."), Docket Entry No. 25; TransUnion's and Equifax's Mem. in Supp. of TransUnion's and Equifax's Mot. ("TransUnion's and Equifax's Mem."), appended to TransUnion's and Equifax's Mot., Docket Entry No. 25-1; LVNV Funding's Mot. to Dismiss ("LVNV Funding's Mot."), Docket Entry No. 31; LVNV Funding's Mem. in Supp. of LVNV Funding's Mot. ("LVNV Funding's Mem."), appended to LVNV Funding's Mot., Docket Entry No. 31-5; USAA's Mot. to Dismiss ("USAA's Mot."), Docket Entry No. 36; USAA's Mem. in Supp. of USAA's Mot. ("USAA's Mem."), appended to USAA's Mot., Docket Entry No. 36-2.)

[3]  (Pl.'s Opp'n to TransUnion's and Equifax's Mot. and LVNV Funding's Mot. ("Pl.'s Opp'n"), Docket Entry No. 32; LVNV Funding's Reply to Pl.'s Opp'n ("LVNV Funding's Reply"), Docket Entry No. 35; TransUnion's and Equifax's Reply to Pl.'s Opp'n ("TransUnion's and Equifax's Reply"), Docket Entry No. 40.)  Plaintiff did not respond to USAA's motion.

[4]  (Pl.'s Mot. to Remand, Docket Entry No. 44.)

Plaintiff's remand motion.[5]  For the reasons discussed below, the Court remands this action to the Kings County State Court.

## I.    Background

### a.    Procedural background

On June 17, 2025, Plaintiff filed the Complaint, alleging violations of the FCRA.[6] (Compl. ¶¶ 107–42.)  On July 17, 2025, USAA, with consent of Comenity, TransUnion and WebBank, removed the action to this Court based on federal question jurisdiction.  (USAA's Notice of Removal ¶¶ 4–6.)

### b.    Dismissed Defendants

On August 6, 2025, Plaintiff filed a notice of voluntary dismissal against Comenity and AmEx, (Pl.'s Notice of Voluntary Dismissal, Docket Entry No. 15), and the Court dismissed Comenity and AmEx from the action on August 12, 2025, (Order dated Aug. 12, 2025).  On October 8, 2025, Plaintiff filed an unopposed motion to dismiss WebBank from the action, (Pl.'s

---

[5]  (USAA's Opp'n to Pl.'s Mot. to Remand, Docket Entry No. 47; TransUnion's and Equifax's Opp'n to Pl.'s Mot. to Remand, Docket Entry No. 49.)

[6]  While Equifax, USAA, and LVNV Funding contend that Plaintiff failed to serve the Complaint on them, they have not moved to dismiss the action on these grounds.  On July 23, 2025, Plaintiff and Equifax filed a stipulation stating that Equifax waived "any objection or defense with respect to (a) service of the Summons and Complaint in this action upon it or him, (b) the exercise of personal jurisdiction over it or him in this action, and/or (c) the venue of this action."  Stip., *Flynn v. Am. Express Co.*, No. 520020/2025 (N.Y. Sup. Ct. filed July 23, 2025), Docket Entry No. 8.  USAA, in its Notice of Removal, stated that it has not been served with the Complaint.  (USAA's Notice of Removal ¶¶ 2–3.)  On August 13, 2025, LVNV Funding stated that "[s]ervice was not effectuated . . . ."  (LVNV's Pre-Mot. Conference Req. 1, Docket Entry No. 17.)  Because the Court does not have subject-matter jurisdiction, the Court cannot adjudicate whether service was improper as to USAA or LVNV.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case." (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998))); *Von Weingarten v. Chester*, No. 17-CV-211, 2018 WL 11470479, at *3 n.2 (D. Vt. July 23, 2018) ("In the absence of subject-matter jurisdiction, the court cannot address whether the court has personal jurisdiction over [d]efendant . . . .").

Mot. to Dismiss WebBank, Docket Entry No. 34), and the Court dismissed the action against WebBank on November 18, 2025, (Order dated Nov. 18, 2025). On February 2, 2026, Plaintiff and Synchrony filed a stipulation of dismissal with prejudice, (Stip. of Dismissal as to Synchrony, Docket Entry No. 53), and the Court dismissed Synchrony from the action on February 3, 2026, (Order dated Feb. 3, 2026). On February 12, 2026, Plaintiff and Navy Federal filed a stipulation of dismissal with prejudice, (Stip. of Dismissal as to Navy Federal, Docket Entry No. 54), and the Court dismissed Navy Federal from the action on February 13, 2026, (Order dated Feb. 13, 2026).

The remaining Defendants are LVNV Funding, USAA, Equifax, Experian, TransUnion and Discover.[7] However, neither Discover nor Experian have appeared in the action before the Court.

### c. Motions to dismiss

On August 29, 2025, TransUnion and Equifax filed a joint motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), (TransUnion's and Equifax's Mot.), and on September 2, 2025, LVNV Funding filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), (LVNV Funding's Mot.). On October 1, 2025, Plaintiff opposed the joint motion by TransUnion and Equifax and LVNV Funding's motion. (Pl.'s Opp'n.) On October 10, 2025,

---

[7] The Court does not include the factual background and allegations made against AmEx, Comenity, Navy Federal, Synchrony, and WebBank because Plaintiff has dismissed the action against them. However, Plaintiff maintains claims against (1) Equifax regarding her AmEx, Comenity, Navy Federal, Synchrony, and WebBank accounts, (2) TransUnion regarding her AmEx account, and (3) Experian regarding her AmEx account. The Court notes that Plaintiff's claims against Equifax, TransUnion, and Experian regarding these accounts arise from similar facts as the remaining claims regarding her USAA, LVNV Funding, and Discover accounts: Plaintiff alleges that Equifax, TransUnion, and Experian either failed to investigate or make a notation on her credit report regarding her dispute of her account information. In addition, because Discover has not appeared in the action, the Court does not include the factual background and allegations made against Discover.

USAA filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  (USAA's Mot.)  Plaintiff did not respond to USAA's motion.

### d.    Factual background

#### i.    USAA

In 2016, Plaintiff opened a credit card account with USAA and struggled to make timely account payments.  (Compl. ¶ 88.)  In 2023, her account payments had become delinquent, and USAA placed her account in collections by 2024.  (*Id.*)  USAA reported to Equifax that Plaintiff's account payments had become delinquent and that they placed her account in collections.  (*Id.* ¶ 89.)  Plaintiff contends that USAA inaccurately reported that the date of the first delinquency of Plaintiff's account was January 26, 2024, rather than in 2023, which was then repeated in Plaintiff's credit report from Equifax.  (*Id.* ¶¶ 88–89.)  According to Plaintiff, USAA's and Equifax's inaccurate reporting of the date of the first delinquency will "improperly further decrease" her credit score because the delinquency will remain on her credit report longer than permitted by the FCRA and conveys that the delinquency commenced more recently than it had.  (*Id.* ¶ 90.)  Plaintiff disputed the date of the first delinquency to Equifax claiming instead that her first day of delinquency was in 2023 and not January 26, 2024.  (*Id.* ¶ 91.)  Although Plaintiff requested that USAA and Equifax investigate the discrepancy, neither contacted Plaintiff, investigated the inaccurately reported information, nor re-investigated the inaccurately reported information or inaccurate reports.  (*Id.* ¶¶ 91, 94.)  Plaintiff contends that USAA continues to report the inaccurate date of the first delinquency to Equifax, and Equifax continues to include the inaccurate date of the first delinquency in its credit report on Plaintiff.  (*Id.* ¶ 94.)  As a result, Plaintiff contends that USAA's and Equifax's negligent or willful failure to conduct reasonable investigations into the incorrect date of the first delinquency violated the FCRA, 15

U.S.C. § 1681s-2(b)(1)(A), (*id.* ¶¶ 125–26), and 15 U.S.C. § 1681i(a)(1)(A), (*id.* ¶¶ 133–34), respectively.

In addition, Plaintiff contends that USAA and Equifax reported the delinquency but not Plaintiff's dispute of it. (*Id.* ¶¶ 95–96.) Plaintiff argues that USAA's and Equifax's negligent or willful failure to report the date of the first delinquency without reporting Plaintiff's dispute of it violated the FCRA, 15 U.S.C. § 1681s-2(b)(1)(D), (*id.* ¶¶ 127–28), and 15 U.S.C. § 1681i(c), (*id.* ¶¶ 135–36), respectively.

### ii. LVNV Funding

On or before 2018, Plaintiff opened a credit card account with Synchrony but struggled to make timely account payments. (*Id.* ¶ 54.) By mid-2019, her account payments had become delinquent, and Synchrony placed her account in collections in late 2019. (*Id.*) Synchrony transferred its interest in Plaintiff's account to LVNV Funding, and LVNV Funding attempted to collect on Plaintiff's account by reporting her account to Equifax. (*Id.* ¶ 55.) LVNV Funding reported to Equifax that Plaintiff's account payments had become delinquent and LVNV Funding placed her account in collections. (*Id.* ¶ 56.) According to Plaintiff, LVNV Funding inaccurately reported that the date of the first delinquency of Plaintiff's account was November 12, 2019, rather than mid-2019, which was then repeated in Plaintiff's credit report from Equifax. (*Id.* ¶¶ 54, 56.) Plaintiff contends that LVNV Funding's and Equifax's inaccurate reporting of the date of the first delinquency will "improperly further decrease" her credit score because the delinquency will remain on her credit report longer than permitted by the FCRA and conveys that the delinquency commenced more recently than it had. (*Id.* ¶ 57.) Although Plaintiff disputed the date of the first delinquency to Equifax, (*id.* ¶ 58), and requested that LVNV Funding and Equifax investigate the discrepancy, neither contacted Plaintiff, investigated the inaccurately reported information, nor re-investigated the inaccurately reported information

or inaccurate reports, (*id.* ¶¶ 58, 61).  Plaintiff contends that LVNV Funding continues to report the inaccurate date of the first delinquency to Equifax, and Equifax continues to include the inaccurate date of the first delinquency in its credit report on Plaintiff.  (*Id.* ¶ 61.)  As a result, Plaintiff contends that LVNV Funding's and Equifax's negligent or willful failure to conduct reasonable investigations into the incorrect date of the first delinquency violated the FRCA, 15 U.S.C. § 1681s-2(b)(1)(A), (*id.* ¶¶ 117–18), and 15 U.S.C. § 1681i(a)(1)(A), (*id.* ¶¶ 133–34), respectively.

## II. Discussion

### a. Standards of review

#### i. Subject-matter jurisdiction

"The Constitution limits federal courts to deciding 'Cases' and 'Controversies.'"  *Bost v. Ill. State Bd. of Elections*, 607 U.S. ---, ---, 146 S. Ct. 513, 523 (Jan. 14, 2026) (Barrett, J., concurring) (quoting U.S. Const. art. III, § 2); *FEC v. Ted Cruz for Senate*, 596 U.S. 289, 295 (2022) (quoting same).  "'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'"  *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 183–84 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)); *see also Packer ex rel. 1-800-Flowers.com, Inc. v. Raging Cap. Mgmt., LLC*, 105 F.4th 46, 51 (2d Cir. 2024) ("Article III of the Constitution requires that plaintiffs establish standing to sue in federal court.").  To establish constitutional standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *DirecTV, LLC v. Nexstar Media Grp., Inc.*, 162 F.4th 295, 306 (2d Cir. 2025) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)); *Packer*, 105 F.4th at 51 (quoting same); *Liu v. Democratic Nat'l Comm.*, No. 21-3021, 2022 WL

4372587, at *1 (2d Cir. Sep. 22, 2022) (quoting same); *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting same); *see Cudjoe v. Bldg. Indus. Elec. Contractors Ass'n*, No. 24-921, 2025 WL 655580, at *1 (2d Cir. Feb. 28, 2025) (summary order) (quoting *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020)) (similar); *Saba Cap. Cef Opportunities 1, Ltd. v. Nuveen Floating Rate Income Fund*, 88 F.4th 103, 110 (2d Cir. 2023) (quoting same); *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)) (similar). "An injury in fact must be 'particularized,' and it must be 'concrete.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Spokeo*, 578 U.S. at 340).

"[S]tanding is required for subject matter jurisdiction." *James v. Willis*, No. 21-501, 2022 WL 481812, at *1 (2d Cir. Feb. 17, 2022) (summary order) (citing *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016)). "If plaintiffs lack Article III standing, a court has no subject matter[-]jurisdiction to hear their claim." *Karkare ex rel. JN v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers Loc. 580*, 140 F.4th 60, 64 (2d Cir. 2025) (alteration in original) (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005)); *Bohnak v. Marsh & McLennan Cos.*, 79 F.4th 276, 282–83 (2d Cir. 2023) (quoting same); *see Otrompke v. First Dep't Comm. on Character & Fitness*, No. 20-4107, 2021 WL 5764221, at *1 (2d Cir. Dec. 6, 2021) (summary order) ("A district court lacks jurisdiction 'when . . . the plaintiff lacks constitutional standing to bring the action.'" (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015))); *see also Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge*, 98 F.4th 386, 391 (2d Cir. 2024) ("A district court properly dismisses an action for lack of subject-matter jurisdiction under Rule 12(b)(1) 'if the

court lacks the statutory or constitutional power to adjudicate it, such as when the plaintiff[s] lack[] constitutional standing to bring the action.'" (alterations in original) (quoting *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021))). "Before deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter. Therefore, for a case to proceed, the party invoking federal jurisdiction must plausibly plead that it has standing to sue." *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205–06 (2d. Cir. 2019) (first citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014); and then citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016)); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("[S]ubject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection."); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (assessing plausibility as "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"); *Calcano*, 36 F.4th at 74 ("Although we generally accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still 'bears the burden of alleging facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" (alteration in original) (quoting *Cortlandt St. Recovery Corp.*, 790 F.3d at 417)); *Pan v. Whitaker*, 351 F. Supp. 3d 246, 249–50 (E.D.N.Y. 2019) ("[F]ederal courts have a continuing and independent duty to ensure that they possess subject matter jurisdiction, and must dismiss a case when they find subject matter jurisdiction lacking.").

### ii. Remand

A district court must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Hussein v. Maait*, 129 F.4th 99, 120 n.17 (2d Cir. 2025) ("When a case has been removed from state court to federal court, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" (alteration in original) (quoting

*Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014))); *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 912 (2d Cir. 2024) (quoting 28 U.S.C. § 1447(c)) (same); *Vossbrinck*, 773 F.3d at 427 (quoting same); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011) (quoting same); *Kenmore Assocs., L.P. v. Burke*, 367 F. App'x 168, 169 (2d Cir. 2010) (quoting same).

        **b.**    **The Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims**

TransUnion and Equifax argue that the Court has Article III jurisdiction because Plaintiff has adequately pleaded damages sufficient to confer standing by alleging actual damages, statutory damages, and punitive damages. (TransUnion's and Equifax's Reply 4.) In the alternative, TransUnion and Equifax argue that a risk of harm sufficiently establishes Article III standing because a risk of future harm may cause a separate concrete harm. (*Id.* at 4–5.)

Plaintiff argues that the Court does not have subject-matter jurisdiction and should remand the action to the Kings County State Court. (Pl.'s Opp'n 3.) First, Plaintiff argues that she does not have standing in federal court because the Complaint does not satisfy the case-or-controversy requirement in Article III. (*Id.* at 2.) In support, Plaintiff argues that that the risk of her credit score decreasing due to Defendants' alleged FCRA violations do not establish standing because risks that are not alleged to have materialized may be insufficient for the purposes of Article III standing. (*Id.* at 1–2 (citing *Maddox*, 19 F.4th at 65).) In addition, Plaintiff states that courts in this jurisdiction have held that plaintiffs alleging violations of the FRCA "do[] not plead standing solely by alleging that credit-reporting errors reduced his credit score."[8] (*Id.* at 1

---

[8] Plaintiff does not address the arguments by TransUnion and Equifax that she has adequately pleaded damages sufficient to confer standing by alleging actual, statutory, and punitive damages. (TransUnion's and Equifax's Reply 4; *see* Compl. at 58.) As discussed below, Plaintiff's request for actual, statutory, and punitive damages does not confer standing because it "collaps[es] damages into injury-in-fact." *Knights v. Experian Info. Sols., Inc.*, No. 24-CV-8769, 2025 WL 21944, at *3 (E.D.N.Y. Jan. 3, 2025) (stating that the law does not permit

(quoting Order dated Sep. 9, 2025, *Aken v. JPMorgan Chase & Co.*, 25-CV-4071 (E.D.N.Y. filed Sep. 9, 2025)).)  Second, Plaintiff argues that, in contrast, she has standing in New York State court because (1) the New York State Constitution does not adopt Article III's case-or-controversy requirement and establishes New York State supreme courts as courts of "general original jurisdiction in law and equity" pursuant to Article VI § 7a of the New York State Constitution, and (2) New York State courts are directed to avoid applying overly-restrictive standing rules.[9]  (*Id.* at 2 (citing *Stevens v. N.Y. State Div. of Crim. Just. Servs.*, 40 N.Y.3d 505, 515 (2023)).)

In the FCRA context, the Supreme Court made clear that "a bare procedural violation, divorced from any concrete harm" does not confer Article III standing.  *Spokeo*, 578 U.S. at 341; *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) (quoting *id.*) (same); *see TransUnion*, 594 U.S. at 426 ("Article III standing requires a concrete injury even in the context of a statutory violation." (quoting same)); *see also Maddox*, 19 F.4th at 64 (stating that a plaintiff must demonstrate more than a defendant's contravention of the FCRA to recover in federal court because "in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation"); *Leykam v. JP Morgan Chase & Co.*, 797 F. Supp. 3d 116, 117 (E.D.N.Y. 2025) ("But the mere existence of a federal cause of action or statutory violations is not enough to confer Article III standing.").  A plaintiff's request for actual, statutory, and punitive damages does not confer standing because it "collaps[es] damages into

---

plaintiffs to "elevate [their non-concrete injury] into one justiciable in federal court merely by putting a price tag on it").

[9]  In addition, Plaintiff argues in her opposition that the Complaint states that this action cannot be brought in federal court and was, therefore, filed in the Kings County State Court where a risk establishes standing.  (Pl.'s Opp'n 2.)

injury-in-fact." *Knights v. Experian Info. Sols., Inc.*, No. 24-CV-8769, 2025 WL 21944, at \*3

(E.D.N.Y. Jan. 3, 2025).  Conclusory requests for damages do not convey the concrete harm a

plaintiff suffered.  *Id.* (stating that the law does not permit plaintiffs to "elevate [their non-

concrete injury] into one justiciable in federal court merely by putting a price tag on it").  An

uninjured plaintiff seeking to ensure compliance with regulatory law and to "obtain some money

via the statutory damages" lacks Article III standing.  *TransUnion*, 594 U.S. at 427–28; *Vazquez*

*v. Selene Fin. LP*, No. 24-CV-1946, 2025 WL 2793655, at \*4 (E.D.N.Y. Sep. 30, 2025) (quoting

*id.*).

"Neither an incorrect notation on [a] plaintiff's credit report nor the diminution in [a]

[plaintiff's] credit score are sufficient to confer standing."  *Leykam*, 797 F. Supp. 3d at 118 (third

alteration in original) (quoting *Zlotnick*, 583 F. Supp. 3d at 392)).  Without specific injuries

related to expenses, costs, or lost credit opportunities, such allegations are insufficient and

conclusory.  *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (holding that

the plaintiff's allegations that he suffered "injury to his credit worthiness," "increased difficulty

obtaining credit," and "embarrassment, humiliation, and other emotional injuries" were

conclusory allegations insufficient to demonstrate standing because they were "not expenses,

costs, any specific lost credit opportunity, or specific emotional injuries"); *see also Spira v.*

*TransUnion, LLC*, No. 21-CV-2367, 2022 WL 2819469, at \*4 (S.D.N.Y. July 19, 2022)

(concluding that dissemination of inaccurate credit information resulting in a lowered credit

score is not a concrete harm); *Wan v. TransUnion, LLC*, No. 22-CV-115, 2022 WL 955290, at \*1

(E.D.N.Y. Mar. 30, 2022) ("Damage to personal credit and a vague claim of 'limited credit

opportunities,' without an allegation that these circumstances resulted in a materialized injury, or

a sufficiently imminent and substantial risk of injury, is insufficient to confer standing." (citing *Maddox*, 19 F.4th at 65)).

Moreover, a risk of future harm that has not materialized is not sufficient to establish standing. *See Maddox*, 19 F.4th at 65 ("[A] nebulous risk of future harm . . . which was not alleged to have materialized, cannot [ ] form the basis of Article III standing."); *Vazquez*, 2025 WL 2793655, at *4 ("Further, a risk 'not alleged to have materialized[ ] cannot form the basis of Article III standing.'" (alteration in original) (quoting *id.*)); *see also Jackson v. Austin Cap. Bank SSB*, 781 F. Supp. 3d 101, 103–04 (E.D.N.Y. 2025) (concluding that purely technical violations do not satisfy Article III injury-in-fact requirements). Without allegations that "the exposure to the risk of future harm itself causes a *separate* concrete harm," the allegations are insufficient to confer standing. *TransUnion*, 594 U.S. at 436; *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (stating that "'[a]llegations of *possible* future injury' are not sufficient" to establish Article III standing (alteration in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990))).

Plaintiff lacks Article III standing to bring this suit because she has not alleged a concrete and particularized injury resulting from Defendants' alleged FCRA violations. First, Plaintiff claims that Defendants' failure to investigate the allegedly inaccurate account information and/or failure to report her dispute of the allegedly inaccurate account information risks decreasing her credit score. *See Leykam*, 797 F. Supp. 3d at 118 ("Neither an incorrect notation on plaintiff's credit report nor the diminution in [plaintiff's] credit score are sufficient to confer standing." (alteration in original) (quoting *Zlotnick*, 583 F. Supp. 3d at 392)). However, Plaintiff has not identified what negative effect, if any, she has suffered because of Defendants' actions. By relying entirely on Defendants' alleged FCRA violations, Plaintiff has only alleged a "bare

procedural violation" insufficient to confer Article III standing. *See Spokeo*, 578 U.S. at 341. Second, the arguments by TransUnion and Equifax that Plaintiff's request for actual, statutory, and punitive damages confers standing is unpersuasive because it "collaps[es] damages into injury-in-fact." *See Knights*, 2025 WL 21944, at *3. Standing cannot be conferred onto Plaintiff because seeking compliance with regulatory law and statutory damages does not elevate "a non-concrete injury . . . into one justiciable in federal court merely by putting a price tag on it." *See id.*; *see also TransUnion*, 594 U.S. at 428 ("[T]he public interest that private entities comply with the law cannot 'be converted into an individual right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue.'" (quoting *Lujan*, 504 U.S. at 576–77)). Third, Plaintiff's allegation that Defendants incorrectly noted her credit information cannot confer standing because she does not claim any specific injuries related to expenses, costs, or lost credit opportunities. *See Gross*, 607 F. Supp. 3d at 273. Similarly, the Court finds unpersuasive the arguments by TransUnion and Equifax that the risk of diminution of Plaintiff's credit score is sufficient to confer standing because "mere risk of future harm, standing alone, cannot qualify as a concrete harm — at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *See TransUnion*, 594 U.S. at 436 (stating that plaintiff's argument that "[i]f the risk of future harm does *not* materialize, then the individual cannot establish a concrete harm sufficient for standing . . ." was "persuasive"); *Clapper*, 568 U.S. at 409 ("[W]e have repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." (second alteration in original) (quoting *Whitmore*, 495 U.S. at 158)). Accordingly, the Court finds that Plaintiff lacks constitutional standing to bring this case in federal court. *See, e.g.*, *Vazquez*, 2025 WL 2793655; *Leykam*, 797 F. Supp. 3d

116; *Jackson*, 781 F. Supp. 3d 101; *Rana v. Equifax Inc.*, No. 22-CV-7749, 2023 WL 3017803

(E.D.N.Y. Apr. 20, 2023); *Gross*, 607 F. Supp. 3d 269; *Zlotnick*, 583 F. Supp. 3d 387; *Grauman*

*v. Equifax Info. Servs., LLC*, 549 F. Supp. 3d 285 (E.D.N.Y. 2021).[10]

### c.    The Court remands the case to the Kings County State Court

TransUnion, Equifax, and LVNV Funding argue that the Court should not remand the

action to state court because Plaintiff's motion for a remand was an improper response to the

arguments raised in their motions to dismiss.  (TransUnion's and Equifax's Reply 3–4; LVNV

Funding's Reply 4.)  In support, TransUnion, Equifax, and LVNV argue that the Court should

deny Plaintiff's request for affirmative relief because she did not file a formal motion pursuant to

Local Civil Rule 7.1.  (TransUnion's and Equifax's Reply 3–4; LVNV Funding's Reply 4.)

Plaintiff argues that the Court should remand the action to state court because district

courts are required to remand cases for which they lack subject-matter jurisdiction pursuant to 28

U.S.C. § 1447(c).  (Pl.'s Opp'n 3.)  Plaintiff argues that because USAA's removal was improper,

this action should be remanded to the Kings County State Court.  (*Id.*)

Federal courts have an "independent obligation to consider the presence or absence of

subject matter jurisdiction *sua sponte*," *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896

F.3d 174, 181 (2d Cir. 2018) (quoting *In re Quigley Co.*, 676 F.3d 45, 50 (2d Cir. 2012)),

---

[10]  Because the Court concludes that it lacks jurisdiction pursuant to Rule 12(b)(1), the Court cannot determine whether Plaintiff's allegations sufficiently state any claim pursuant to Rule 12(b)(6) and whether the Court has personal jurisdiction pursuant to Rule 12(b)(2).  *See One Techs., LLC v. Amazon.com, Inc.*, 860 F. App'x 785, 788 (2d Cir. 2021) (holding that the district court "lack[ed] power to dismiss a complaint for failure to state a claim" because it lacked jurisdiction and a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)" (first quoting *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) (en banc); and then quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007))); *Chester*, 2018 WL 11470479, at *3 n.2 ("In the absence of subject-matter jurisdiction, the court cannot address whether the court has personal jurisdiction over [d]efendant . . . .").

because standing is "the threshold question in every federal case, determining the power of the court to entertain the suit," *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)). *See Gross*, 607 F. Supp. 3d at 270 ("Regardless of whether a defendant in a case under the Fair Credit Reporting Act or the Fair Debt Collection and Reporting Act raises a standing issue, however, federal courts have an independent obligation to resolve any issue about their subject matter jurisdiction *sua sponte*."). "Indeed, the lack of jurisdiction is so fundamental a defect that the rule permits a judge to recognize it *sua sponte* at any time." *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir. 1975). Accordingly, district courts "must consider . . . *Spokeo* and *TransUnion* even if a defendant fails to raise standing" and even if a plaintiff argues that they lack standing. *Gross*, 607 F. Supp. 3d at 271; *see also id.* ("In most of these cases, the plaintiffs opposing federal jurisdiction will win this new battle, for the plaintiff is the master of his complaint. If he wants to plead himself out of Article III jurisdiction by failing to allege a concrete injury, it is not that hard.").

As discussed in section II(b), Plaintiff lacks Article III standing to bring this suit because she has not alleged a concrete and particularized injury resulting from Defendants' alleged FCRA violations. The Court's obligation to resolve jurisdictional issues allows the Court to remand an action with insufficient subject-matter jurisdiction regardless of whether Plaintiff properly moved for remand. *See Gross*, 607 F. Supp. 3d at 270.

Accordingly, USAA improperly removed this action because Plaintiff fails to allege any concrete injury sufficient to confer Article III standing and, thus, subject-matter jurisdiction in this Court. *See Jackson*, 781 F. Supp. 3d at 104 (stating that removal of FCRA action alleging diminution of credit score resulting from inaccurate reporting was improper). The Court

therefore remands this action to the Kings County State Court.  *See, e.g.*, *Leykam*, 797 F. Supp. 3d 116; *Knights*, 2025 WL 21944; *Rana*, 2023 WL 3017803; *Gross*, 607 F. Supp. 3d 269; *Wan*, 2022 WL 955290.

### III.  Conclusion

For the foregoing reasons, the Court remands the case against Discover, LVNV Funding, USAA, Equifax, Experian, and TransUnion to the Kings County State Court.

Dated:  March 2, 2026
        Brooklyn, New York

SO ORDERED:


_____s/ MKB_____
MARGO K. BRODIE
United States District Judge